**LEWIS BRISBOIS BISGAARD & SMITH LLP**
MELISSA T. DAUGHERTY, SB# 227451
E-Mail: Melissa.Daugherty@lewisbrisbois.com
LAUREN R. VANLOCHEM, SB# 291807
E-Mail: Lauren.Vanlochem@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Defendant SA FOOD
SERVICE LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| PATRICIA FILARDI,<br><br>   Plaintiff,<br><br> vs.<br><br>SA FOOD SERVICE LLC, a California limited liability company; MONGSON, LLC, a California limited liability company; and DOES 1-10, inclusive,<br><br>   Defendants. | CASE NO. 5:19-cv-00354-JFW (SHKx)<br><br>**DEFENDANT SA FOOD SERVICE LLC'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>The Hon. John F. Walter<br><br>Trial Date: None Set |

  Defendant SA FOOD SERVICE LLC ("Defendant"), answers Plaintiff PATRICIA FILARDI'S ("Plaintiff") Complaint by admitting, denying, and alleging as follows:

## PARTIES

  1. In answer to Paragraph 1 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to these allegations and on that basis denies each of the allegations contained therein.

  2. In answer to Paragraph 2 of the Complaint, Defendant states that this paragraph contains Plaintiff's restatement of the law, to which no response is required. To the extent a response is required, Defendant denies each and every

4816-8907-0485.1

1

DEFENDANT SA FOOD SERVICE LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

allegation contained therein.

3. In answer to Paragraph 3 of the Complaint, Defendant admits that defendant MONGSON, LLC owned the real property identified as 25251 Madison Avenue, Murrieta, California 92562 (the "Subject Property") on December 30, 2018.

4. In answer to Paragraph 4 of the Complaint, Defendant admits that defendant MONGSON, LLC currently owns the Subject Property.

5. In answer to Paragraph 5 of the Complaint, Defendant admits it owned, operated, and controlled the Arby's #7132 (the "Subject Business") at the Subject Property on December 30, 2018.

6. In answer to Paragraph 6 of the Complaint, Defendant admits it currently owns, operates, and controls the Subject business located at the Subject Property.

7. In answer to Paragraph 7 of the Complaint, Defendant states this is a statement of the identity of the defendants sued herein as Does 1 through 10, inclusive, and therefore, no response is required. To the extent a response is deemed required, Defendant denies the allegations contained therein.

## JURISDICTION AND VENUE

8. In answer to Paragraph 8 of the Complaint, Defendant admits that the court has original jurisdiction over this action.

9. In answer to Paragraph 9 of the Complaint, Defendant states that this paragraph contains Plaintiff's supplemental jurisdiction allegations, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations, except to admit that this Court has jurisdiction over the subject matter of Plaintiff's claims and may have supplemental jurisdiction until such time as her federal claims are moot.

10. In answer to Paragraph 10 of the Complaint, admits that venue is proper in this court.

## FACTUAL ALLEGATIONS

11. In answer to Paragraph 11 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to these allegations and on that basis denies each of the allegations contained therein.

12. In answer to Paragraph 12 of the Complaint, Defendant admits that portions of the Subject Business are at times open to the public. Defendant denies each and every remaining allegation contained therein.

13. In answer to Paragraph 13 of the Complaint, Defendant admits that the Subject Business offers its customers parking spaces.

14. In answer to Paragraph 14 of the Complaint, Defendant denies each and every allegation contained therein.

15. In answer to Paragraph 15 of the Complaint, Defendant denies each and every allegation contained therein.

16. In answer to Paragraph 16 of the Complaint, Defendant denies each and every allegation contained therein.

17. In answer to Paragraph 17 of the Complaint, Defendant denies each and every allegation contained therein.

18. In answer to Paragraph 18 of the Complaint, Defendant denies each and every allegation contained therein.

19. In answer to Paragraph 19 of the Complaint, Defendant denies each and every allegation contained therein.

20. In answer to Paragraph 20 of the Complaint, Defendant denies each and every allegation contained therein.

21. In answer to Paragraph 21 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to these allegations and on that basis denies each of the allegations contained therein.

22. In answer to Paragraph 22 of the Complaint, Defendant lacks sufficient information to form a belief as to Plaintiff's intention to return to the Subject

Business. Defendant denies each and every remaining allegation contained therein.

23. In answer to Paragraph 23 of the Complaint, Defendant lacks sufficient information to form a belief as to Plaintiff's desire to return to the Subject Business with her allegedly disabled fiancé. Defendant denies each and every remaining allegation contained therein.

24. In answer to Paragraph 24 of the Complaint, Defendant denies each and every allegation contained therein.

25. In answer to Paragraph 25 of the Complaint, Defendant denies each and every allegation contained therein.

26. In answer to Paragraph 26 of the Complaint, Defendant lacks sufficient information to form a belief as to Plaintiff's intention to return to the Subject Business with her allegedly disabled fiancé. Defendant denies each and every remaining allegation contained therein.

27. In answer to Paragraph 27 of the Complaint, Defendant denies each and every allegation contained therein.

28. In answer to Paragraph 28 of the Complaint, Defendant denies each and every allegation contained therein.

29. In answer to Paragraph 29 of the Complaint, Defendant denies each and every allegation contained therein.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990, 42 U.S.C. § 12181 *et seq.*

30. In answer to Paragraph 30 of the Complaint, Defendant states that this paragraph contains a recital of the allegations contained in paragraph 1 through 29 of the Complaint. Based on the foregoing, Defendant incorporates by reference herein its responses to paragraphs 1 through 29 above.

31. In answer to Paragraph 31 of the Complaint, Defendant states that this paragraph contains Plaintiff's restatement of the law, to which no response is

required. To the extent a response is required, Defendant denies each and every allegation contained therein.

32. In answer to Paragraph 32 of the Complaint, Defendant states that part of this paragraph contains Plaintiff's restatement of the law, to which no response is required. To the extent a response is required, Defendant denies each and every allegation contained therein.

33. In answer to Paragraph 33 of the Complaint, Defendant denies each and every allegation contained therein.

34. In answer to Paragraph 34 of the Complaint, Defendant states that part of this paragraph contains Plaintiff's restatement of the law, to which no response is required. To the extent a response is required, Defendant denies each and every allegation contained therein.

35. In answer to Paragraph 35 of the Complaint, Defendant lacks sufficient information to form a belief as to whether Plaintiff will continue to desire to patronize the Subject Business. Defendant denies each and every remaining allegation contained therein.

## SECOND CAUSE OF ACTION
## VIOLATION OF THE UNRUH CIVIL RIGHTS ACT, CALIFORNIA CIVIL CODE § 51 *et seq.*

36. In answer to Paragraph 36 of the Complaint, Defendant states that this paragraph contains a recital of the allegations contained in paragraph 1 through 35 of the Complaint. Based on the foregoing, Defendant incorporates by reference herein its responses to paragraphs 1 through 35 above.

37. In answer to Paragraph 37 of the Complaint, Defendant states that part of this paragraph contains Plaintiff's restatement of the law, to which no response is required. To the extent a response is required, Defendant denies each and every allegation contained therein. Defendant denies each and every remaining allegation contained therein.

38. In answer to Paragraph 38 of the Complaint, Defendant denies each and every allegation contained therein.

39. In answer to Paragraph 39 of the Complaint, Defendant denies each and every allegation contained therein.

## PRAYER

The remainder of Plaintiff's Complaint contains Plaintiff's prayer for relief, to which no response is required. To the extent a response is required, Defendant denies each and every allegation contained therein and specifically denies that Plaintiff is entitled to any relief whatsoever. Except as expressly admitted above, Defendant denies each and every allegation contained in Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

## FIRST SEPARATE AND AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

1. Plaintiff's Complaint and each and every claim contained therein fails to state facts sufficient to state a claim upon which relief may be granted.

## SECOND SEPARATE AND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

2. Defendant is informed and believes and thereon alleges that Plaintiff's claims as contained in the Complaint are barred by the applicable statutes of limitations, including, but not limited to, Civil Code section 51 et seq., and Code of Civil Procedure section 335.1.

## THIRD SEPARATE AND AFFIRMATIVE DEFENSE

### (Waiver)

3. Defendant is informed and believes and thereon alleges that Plaintiff has waived any and all claims that she may have had or has against Defendant arising from the transactions and/or occurrences contained in the Complaint.

///
///

### FOURTH SEPARATE AND AFFIRMATIVE DEFENSE

### (Estoppel)

4. Defendant is informed and believes and thereon alleges that Plaintiff is estopped by her own conduct from asserting any and all claims she may have had or has against Defendant arising from the transactions and/or occurrences contained in the Complaint.

### FIFTH SEPARATE AND AFFIRMATIVE DEFENSE

### (Doctrine of Laches)

5. Defendant is informed and believes and thereon alleges that Plaintiff's Complaint is barred in its entirety, by the Doctrine of Laches.

### SIXTH SEPARATE AND AFFIRMATIVE DEFENSE

### (Unclean Hands)

6. Defendant is informed and believes and thereon alleges that Plaintiff's Complaint is barred, in its entirety, by the doctrine of unclean hands.

### SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE

### (No Intentional Conduct)

7. Defendant did not engage in intentional conduct entitling Plaintiff to recovery of damages pursuant to the Unruh Civil Rights Act.

### EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE

### (Alternative Methods)

8. Defendant is informed and believes and thereon alleges based upon information and belief that it and other third parties (i.e., tenant, landlord, etc.) provide persons with disabilities alternatives to barrier removal by providing access by alternative methods.

### NINTH SEPARATE AND AFFIRMATIVE DEFENSE

### (Isolated and/or Temporary Interruptions)

9. Defendant alleges based upon information and belief that it was privileged and/or justified for the alleged conduct, if any, because the alleged

barriers were isolated and/or temporary interruptions in service or access due to maintenance and/or repairs.

### TENTH SEPARATE AND AFFIRMATIVE DEFENSE
### (Good Faith Belief)

10. The Complaint is barred, in whole or in part, because any actions taken with respect to Plaintiff were based on honest, reasonable, and good faith beliefs in the facts as known and understood at the time.

### ELEVENTH SEPARATE AND AFFIRMATIVE DEFENSE
### (No Standing for Barriers Not Affecting Plaintiff's Gender or Disability)

11. Plaintiff lacks standing to seek relief for barriers not affecting her disability.

### TWELFTH SEPARATE AND AFFIRMATIVE DEFENSE
### (Failure to Plead with Certainty and Particularity)

12. The allegations of the Complaint, and each purported cause of action contained therein, are not pled with sufficient particularity and are uncertain, vague, ambiguous and unintelligible.

### THIRTEENTH SEPARATE AND AFFIRMATIVE DEFENSE
### (Not Readily Achievable)

13. Some or all of the barrier removal proposed by Plaintiff are not readily achievable.

### FOURTEENTH SEPARATE AND AFFIRMATIVE DEFENSE
### (Failure to Comply with SB1186)

14. On information and belief, Plaintiff's Complaint and each cause of action is barred because he failed to comply with the requirements of SB 1186.

### FIFTEENTH SEPARATE AND AFFIRMATIVE DEFENSE
### (Undue Burden)

15. Some or all of the barrier removal proposed by Plaintiff would result in an undue burden for Defendant.

8
DEFENDANT SA FOOD SERVICE LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

## SIXTEENTH SEPARATE AND AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

16. Defendant alleges upon information and belief that Plaintiff has failed to act reasonably to mitigate any damages that she has alleged in this action, if any at all.

## SEVENTEENTH SEPARATE AND AFFIRMATIVE DEFENSE
### (Lack of Standing)

17. Plaintiff's claims are barred, in whole or in part, because she has not suffered harm and, therefore, Plaintiff lacks standing. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016).

## EIGHTEENTH SEPARATE AND AFFIRMATIVE DEFENSE
### (Business Justification)

18. Defendant's activities, undertaken with respect to Plaintiff, were justified as such activities were proper, fair, and legitimate business activities and/or due to business-related reasons which were neither arbitrary, capricious, nor unlawful.

## NINTEENTH SEPARATE AND AFFIRMATIVE DEFENSE
### (No Statutory Damages Pursuant to SB 269)

19. Plaintiffs are barred from recovery of minimum statutory damages pursuant to SB 269.

## TWENTIEH SEPARATE AND AFFIRMATIVE DEFENSE
### (Reservation of Rights Pertaining to Fraud)

20. Defendant is informed and believes that the instant action is based on fraudulent assertions. *See People of the State vs. Rutherford Case Number: RIC1902577.*

## DEMAND FOR JURY TRIAL

Defendant SA FOOD SERVICE, LLC hereby demands a jury trial in this matter.

WHEREFORE, Defendant prays as follows:

1. Plaintiff take nothing by the Complaint;
2. Judgment be rendered in favor of Defendant;
3. Defendant be awarded costs of suit;
4. Defendant be awarded its attorney's fees incurred in the defense of this action; and
5. Defendant be awarded whatever further relief the Court deems just and proper.

DATED: May 8, 2019                    LEWIS BRISBOIS BISGAARD & SMITH LLP


By: _____/s/ Lauren R. Vanlochem_____
Melissa T. Daugherty
Lauren R. Vanlochem
Attorneys for Defendant SA FOOD SERVICE LLC

# FEDERAL COURT PROOF OF SERVICE

PATRICIA FILARDI, an individual v. SA FOOD SERVICE LLC, a California limited liability company; MONGSON, LLC, a California limited liability company; - USDC Case No. 5:19-cv-00354 JFW (SHKx)

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and not a party to the action. My business address is 633 West 5th Street, Suite 4000, Los Angeles, CA 90071. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On May 8, 2019, I served the following document(s): DEFENDANT SA FOOD SERVICE LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

Joseph R. Manning, Jr., Esq. (SBN 223381)      Attorneys for Plaintiff
Michael J. Manning, Esq. (SBN 286879)           PATRICIA FILARDI
Craig G. Cote, Esq. (SBN 132885)
Osman M. Taher, Esq. (SBN 272441)
David M. Fitzgerald (SBN 282471)
MANNING LAW, APC
20062 S.W. Birch Street, Suite 200
Newport Beach, CA 92660
Tel: (949) 200-8755
Fax: (866) 843-8308
ADAPracticeGroup@manninglawoffice.com

The documents were served by the following means:

☒ (BY COURT'S CM/ECF SYSTEM) Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed above.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on May 8, 2019, at Los Angeles, California.

/s/ Tammve Laster
Tammve Laster

4816-8907-0485.1

11

DEFENDANT SA FOOD SERVICE LLC'S ANSWER TO PLAINTIFF'S COMPLAINT